# HANSKI PARTNERS LLC

85 DELANCEY STREET
NEW YORK, NEW YORK 10002
PHONE: 212.248.7400

April 11, 2025

*Via ECF*
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re:    *Elizabeth Valdez v. Singlee Lau, Inc. and La Nueva Victoria, Inc., 1:24-Civ-09150 (AS)*

Dear Judge Subramanian:

We represent plaintiff Elizabeth Valdez in the above-entitled action.   We write to respectfully request a two-week extension of plaintiff's deadline to move for a default judgment against the defendants, from April 14, 2025 to April 28, 2025.  Plaintiff makes this request because in her ongoing attempt to have defendants appear, she learned of the current business address for defendant Singlee Lau, Inc ("Singlee"), that is different than the service address it has on file with the New York State Department of State. Plaintiff acknowledges that this request is untimely pursuant to Your Honor's Individual Rules. However, plaintiff makes this application given the newly discovered facts.

As background, this action concerns a place of public accommodation, a restaurant known as La Nueva Victoria, that is not accessible to plaintiff, a disabled wheelchair user. Plaintiff alleges that the defendants, Singlee and La Nueva Victoria, Inc., respectively the building owner, and the restaurant owner discriminate against her in violation of ADA and its state and local counterparts.  Plaintiff seeks injunctive relief to compel the defendants to perform accessibility modifications to bring themselves into compliance with the ADA.

On December 27, 2024 plaintiff served Singlee a with a copy of the Summons and Complaint via the Secretary of State.  As Singlee failed to appear, plaintiff requested a Certificate of Default from the Clerk of Court on February 17, 2025, and mailed a copy of the relevant documents to Singlee's last known address. This address is the same address used by the Secretary of State to forward process against the defendant.[1]. *See* Affirmation of Service, ECF No. 9-2.  However, plaintiff's mailing was returned to sender as undeliverable and unable to be forwarded.  *See* Supplemental Affirmation, ECF No. 13.

Earlier today, plaintiff learned that Singlee has a business address of 70-74 Bowery, LL-1, New York, NY  10013 registered with the New York City Department of Housing

---

[1] Plaintiff obtained defendant Singlee's last known business address from the defendant's filing with the New York State Department of State which can be obtained from the Division of Corporations' database at https://apps.dos.ny.gov/publicInquiry/EntityDisplay.

Preservation and Development ("HPD") on September 28, 2024.  It is therefore possible that Singlee is unaware of this action.

In the interest of fairness, and so as to avoid motion practice that may prove unnecessary, plaintiff seeks this brief extension of time to serve Singlee with a copy of the Summons, Complaint, and the Certificate of Default at its HPD registered address. This would afford Singlee an opportunity to appear and vacate the default, if it was unaware of the action and chooses to do so.

Consequently, for the reasons stated above, plaintiff respectfully requests an extension of its deadline to move for default judgment against the defendants, from April 14, 2025 to April 28, 2025. [2]  Should the Court decline to extend the deadline, after moving for a default judgment plaintiff will serve a copy of her filing upon Singlee at its HPD and service addresses.

Thank you for your consideration of this application.  With kindest regards, I am

very truly yours,

/s/
Robert G. Hanski, Esq.

GRANTED. The Clerk of Court is respectfully directed to terminate the motion at ECF No. 16.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: April 11, 2025

---

[2] While the co-defendant La Nueva Victoria, Inc ("La Nueva") also has not appeared in this action, plaintiff also seeks to enlarge the time she has to move for default against La Nueva because a default judgment against La Nueva would effectively grant plaintiff the ultimate injunctive relief against Singlee and also impact the Singlee's operations.  If Singlee appears, "[w]hen a default is entered against one defendant in a multi-defendant case, the preferred practice is for the court to withhold granting default judgment until the [trial] of the action on the merits against the remaining defendants. If plaintiff loses on the merits, the complaint should then be dismissed against both defaulting and non-defaulting defendants." *Exquisite Form Indus., Inc. v. Exquisite Fabrics of London*, 378 F.Supp. 403, 416 (S.D.N.Y. 1974); *see also Lite–Up Corp. v. Sony Music Corp.*, 1999 WL 436563, at *2 (S.D.N.Y. June 24, 1999) (holding that, where default but not default judgment had been entered as to one defendant, "[i]f the remaining defendants prevail, then the defaulting defendant will be exonerated, whereas if the plaintiff prevails on the merits, judgment will be entered against all defendants, including the defaulting party").