UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ELIZABETH VALDEZ,<br><br>       Plaintiff,<br><br>-against-<br><br>SINGLEE LAU, INC. and LA NUEVA VICTORIA, INC.,<br><br>       Defendants. | 24-cv-9150 (AS)<br><br>OPINION AND ORDER |

ARUN SUBRAMANIAN, United States District Judge:

 Elizabeth Valdez sued landlord Singlee Lau, Inc. and tenant restaurant La Nueva Victoria, Inc. alleging physical-premises disability discrimination. Dkt. 27 ¶¶ 1–2. Singlee Lau and La Nueva Victoria now move to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6), arguing that Valdez lacks standing and fails to state a claim upon which relief can be granted. Dkt. 31 at 1. For the following reasons, Singlee Lau and La Nueva Victoria's motion is DENIED.

## BACKGROUND

 Valdez, a wheelchair user, claims she visits La Nueva Victoria at least monthly to dine with friends and family on the Upper West Side of Manhattan. Dkt. 27 ¶ 50. She alleges that two entryway steps prevent her from accessing the restaurant on her own. *Id*. ¶¶ 18–19, 56. Rather, she states she must wait for assistance to enter using a cumbersome portable ramp or through the restaurant's live kitchen at the back. *Id*. ¶¶ 30–31. She claims there is sufficient space next to the restaurant to install a permanent ramp, but neither Singlee Lau nor La Nueva Victoria has sought approval to do so. *Id*. ¶¶ 20–21. Valdez claims that she has been subject to indignities and safety risks while patronizing the restaurant, deterring her from dining there further. *Id*. ¶¶ 54–61. She alleges violations of the Americans with Disabilities Act ("ADA"), New York State Human Rights Law ("NYSHRL"), and New York City Human Rights Law ("NYCHRL") and asserts she is entitled to damages under the New York State Civil Rights Law ("NYSCRL"). *Id*. ¶¶ 65–143. Valdez seeks an injunction ordering Singlee Lau and La Nueva Victoria to cease offering dining and takeout at the restaurant until these alleged violations are remedied. She also seeks compensatory, punitive, and monetary damages, as well as attorney's fees. *Id*. at 31–32.

## LEGAL STANDARDS

 "A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when [a] district court lacks the statutory or constitutional power to adjudicate it." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). "The task of the district court is to determine whether the pleading alleges[] facts that affirmatively and plausibly suggest that the plaintiff has standing

to sue." *Carter v. HealthPort Techs., LLC*, 822 F.3d 47, 56 (2d Cir. 2016) (cleaned up). "In resolving a Rule 12(b)(1) motion, a district court may refer to evidence outside the pleadings." *Est. of Close v. Cigna Health & Life Ins. Corp.*, 2023 WL 8846562, at *2 (S.D.N.Y. Dec. 21, 2023).

To survive a motion to dismiss brought under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* In reviewing a motion to dismiss, a court "accept[s] all factual allegations as true, and draw[s] all reasonable inferences in the plaintiff's favor." *Austin v. Town of Farmington*, 826 F.3d 622, 625 (2d Cir. 2016).

## DISCUSSION

### I. Valdez Has Standing to Bring This Case

Article III of the Constitution "confines the federal judicial power to the resolution of 'Cases' and 'Controversies.'" *TransUnion LLC v. Ramirez*, 594 U.S. 413, 423 (2021). "For there to be a case or controversy under Article III, the plaintiff must have a personal stake in the case—in other words, standing." *Id.* (cleaned up). To establish standing, "a plaintiff must show (i) that he suffered an injury in fact that is concrete, particularized, and actual or imminent; (ii) that the injury was likely caused by the defendant; and (iii) that the injury would likely be redressed by judicial relief." *Id.* (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560–61 (1992)).

"In the ADA context, [the Second Circuit has] previously found standing (and therefore an injury in fact) where (1) the plaintiff alleged past injury under the ADA; (2) it was reasonable to infer that the discriminatory treatment would continue; and (3) it was reasonable to infer, based on the past frequency of plaintiff's visits and the proximity of defendants' restaurants to plaintiff's home, that plaintiff intended to return to the subject location." *Kreisler v. Second Ave. Diner Corp.*, 731 F.3d 184, 187–88 (2d Cir. 2013). The Court holds that Valdez has met each of these requirements.

#### A. Valdez Has Suffered Past Injuries

A plaintiff can demonstrate past injury under the ADA by showing: (1) "the direct injury from personally encountering disability-based discrimination at Defendant's property" and (2) "deterrence from using Defendant's property because it is not ADA compliant." *Access 4 All, Inc. v. Trump Int'l Hotel & Tower Condo.*, 458 F. Supp. 2d 160, 173 (S.D.N.Y. 2006). For direct injury, courts have found standing "when the barriers render [a plaintiff's] use of the facility more difficult, burdensome, or dangerous than it would be for individuals who are not disabled." *Access 4 All, Inc. v. G & T Consulting Co., LLC*, 2008 WL 851918, at *4 (S.D.N.Y. Mar. 28, 2008) (citing *Camarillo v. Carrols Corp.*, 518 F.3d 153, 157 (2d Cir. 2008)). In lieu of a direct injury, an allegation that a physical access barrier deters a plaintiff from frequenting a restaurant is sufficient to show a past ADA injury. *Kreisler*, 731 F.3d at 188. "[O]nce a plaintiff establishes standing with respect to one barrier in a place of public accommodation, that plaintiff may bring ADA challenges

2

with respect to all other barriers on the premises that affect the plaintiff's particular disability." *Id.* at 188.

Here, Valdez has alleged both direct and deterrence injuries. Dkt. 27 ¶¶ 30–32, 46–47, 54–58, 60–61. Like one of the plaintiffs in *Access 4 All*, she has sufficiently pled that the restaurant's entryway, dining surfaces, and exits are all barriers that make the restaurant "more difficult, burdensome, or dangerous" to access than it would be for individuals who are not disabled. Dkt. 27 ¶¶ 36–37; 2008 WL 851918 at *1, 7–8. She also alleges that she wants to dine at La Nueva Victoria "more regularly than she has previously," but that these barriers deter her from doing so. Dkt. 27 ¶ 55. This mirrors the deterrence claim that demonstrated past injury in *Kreisler*. 731 F.3d at 188. These injuries undermine Singlee Lau and La Nueva Victoria's argument that because Valdez was able to access the premises, she lacks any past injury. Dkt. 38 at 4. Regardless of her ability to enter via a portable ramp or rear service entrance, Valdez pleads sufficient facts to show she has suffered a past injury under the ADA.

### B. Discriminatory Conditions Are Likely to Continue

An ADA injury continues to exist "[s]o long as the discriminatory conditions continue, and so long as a plaintiff is aware of them and remains deterred." *Pickern v. Holiday Quality Foods Inc.*, 293 F.3d 1133, 1137 (9th Cir. 2002). Courts have inferred that discriminatory treatment will continue without court intervention if the architectural barriers at issue are unremedied entry steps. *See generally Range v. Grand Greene LLC*, 2025 WL 1144700, at *4 (S.D.N.Y. Apr. 17, 2025); *Norman v. Three in One Equities, LLC*, 2024 WL 488181, at *5–6 (S.D.N.Y. 2024), report and recommendation adopted, 2024 WL 967175 (S.D.N.Y. 2024); *Hirsch v. Hui Zhen Huang*, 2011 WL 6129939, at *2 (S.D.N.Y. 2011).

In this case, Valdez's pleadings reasonably suggest the architectural barriers will not be remedied absent judicial intervention. She has visited La Nueva Victoria "on multiple occasions during the past three years" and has allegedly faced the same architectural barriers each time. Dkt. 33 ¶¶ 4, 8–10; Dkt. 27 ¶¶ 45, 64. Neither the restaurant nor the landlord disputes that these architectural barriers remain unchanged. Dkt. 31; Dkt. 38. No evidence suggests that the discriminatory conditions wouldn't continue here.

### C. Valdez Intends to Return to La Nueva Victoria

"[T]he focus of the third factor—*i.e.*, intent to return based on past visits and proximity—is to ensure that the risk of harm is sufficiently imminent and substantial to establish standing." *Calcano v. Swarovski N. Am. Ltd.*, 36 F.4th 68, 74–75 (2d Cir. 2022) (internal quotations omitted). "[T]he central inquiry is not whether a complaint pleads the magic words that a plaintiff 'intends to return,' but if, 'examined under the totality of all relevant facts,' the plaintiff plausibly alleges 'a real and immediate threat of future injury.'" *Id.* at 75 (quoting *Kennedy v. Floridian Hotel, Inc.*, 998 F.3d 1221, 1233 (11th Cir. 2021)). "*Kreisler* and *Calcano* are helpful in distinguishing between

3

plausible and implausible assertions of an intent to return to a particular location to establish standing under the ADA." *Gannon v. 31 Essex St. LLC*, 2023 WL 199287, at *3 (S.D.N.Y. 2023). Here, Valdez sufficiently pleads an intent to return to La Nueva Victoria.

In *Kreisler*, the Second Circuit held that a wheelchair user who could not access the defendant's diner due to an entry step plausibly pled an intent to return. 731 F.3d at 188. The plaintiff asserted that he was a frequent customer of other neighborhood diners, passed by the diner three to four times per week, lived within several blocks of the diner, and intended to frequent the diner if he was able to access it. *Id*. The Court held that those facts "show[ed] a plausible intention to return." *Id*.

Meanwhile, in *Calcano*, the Second Circuit concluded that a group of visually-impaired plaintiffs suing various retail stores for failing to sell Braille-accessible gift cards failed to plausibly plead an intent to return. 36 F.4th at 76. As in *Kreisler*, the plaintiffs asserted that they lived in close proximity to defendants' stores, had shopped there before, and would shop there more if the stores were made accessible. *Id*. However, these plaintiffs did not assert specific and individualized facts—instead making assertions that lacked "*any* detail[]" and "parrot[ed] the court's language in *Kreisler*." *Id*. The Court concluded that "naked assertions of intent to return" are "not enough to establish standing." *Id*. at 77–78 (cleaned up). By contrast, the plaintiff in *Kreisler* specifically pled how close he lived to the defendant's restaurant and how often he came near it. 731 F.3d at 188.

Singlee Lau and La Nueva Victoria argue that Valdez's pleadings are like those in *Calcano*: vague, conclusory, and insufficient to establish standing. Dkt. 31 at 4–7. The Court disagrees. *Kreisler* and *Calcano* set a case-by-case standard for determining what constitutes a reasonably likely intent to return based largely on past visits and proximity. *Kreisler*, 731 F.3d at 188; *Calcano*, 36 F.4th at 74–75. Valdez asserts several specific facts to indicate an intent to return. She states that she has dined at La Nueva Victoria multiple times alone or with company in the past three years, including in October 2023, on May 25, 2024, and on January 15, 2025. Dkt. 33 ¶ 4. She states that while she lives 35 minutes away from the restaurant, she visits the Upper West Side at least once a month to visit her friends and family who live there. *Id*. ¶ 2; Dkt. 27 ¶¶ 50–51. She also claims she is fond of and has cravings for La Nueva Victoria's "Boneless Fried Chicken Crackling" and "French Fries." *Id*. ¶ 53; Dkt. 33 ¶¶ 6–7. Finally, she states that she would dine at the restaurant more frequently if not for its access barriers. Dkt. 33 ¶ 16.

These facts are analogous to those in several recent cases in this district where a plaintiff has demonstrated a plausible intent to return. Valdez's proximity to and interest in La Nueva Victoria mirrors that of the plaintiff in *Volfman*, who lived 35 minutes away and visited a defendant restaurant's neighborhood frequently to try the restaurant's unique menu items. *Volfman v. Miss Du's Tea Shop, Inc.*, 2025 WL 1852302, at *6 (S.D.N.Y. Apr. 18, 2025), report and recommendation adopted, 2025 WL 1621628 (S.D.N.Y. June 9, 2025). She has also allegedly visited La Nueva Victoria and its surrounding neighborhood more than the plaintiff in *Range* visited the store and neighborhood at issue in that case. 2025 WL 1144700 at *5 (denying motion to dismiss where plaintiff visited the store four times and neighborhood six times in the prior year). Valdez similarly

4

had a longer history of visiting the restaurant than the plaintiff in *Adams*. *See Adams v. 46 N LLC*, 2023 WL 2163186, at *3 (S.D.N.Y. Feb. 22, 2023) (denying motion to dismiss where plaintiff visited over a five-month span). While no individual fact controls, taken together, the "totality of all relevant facts" shows Valdez has an intent to return to La Nueva Victoria. *Calcano*, 36 F.4th at 75 (internal quotations omitted).

### D. Singlee Lau and La Nueva Victoria's "Tester" Challenge Fails

Singlee Lau and La Nueva Victoria also argue the Court should "take note of the other ADA cases that Valdez and her attorney ha[ve] filed" where Valdez characterizes herself as a "tester" of ADA compliance. Dkt. 31 at 10–11 (referencing *Valdez v. Ordela, LLC and Wingstop Restaurants, Inc.*, 23-Civ. 02737 – LGS, ECF 1, ¶ 42, *Valdez v. 40 X Owner LLC and De Janeiro Stores*, 23-Civ. 02534 – JHR-SDA, ECF 1, ¶ 47, and *Valdez v. Broadway 10th Avenue Realty Corp., 439 W. 202 Street Realty Corp, FLK Inc.*, 22-Civ. 03299 – KHP, ECF 1, ¶ 32). Defendants then point to several recent cases brought by "testers" dismissed for lack of standing. Dkt. 31 at 8 (citing *Hennessy by & through Hennessy v. Poetica Coffee Inc.*, 2022 WL 4095557 (E.D.N.Y. Sept. 7, 2022), *Gannon v. 31 Essex St. LLC*, 2023 WL 199287 (S.D.N.Y. Jan. 17, 2023), *Gannon v. Hua Da Inc.*, 2023 WL 2664012 (S.D.N.Y. Mar. 28, 2023), *Gannon v. JBJ Holdings LLC*, 2022 WL 6698222 (S.D.N.Y. Oct. 11, 2022), and *Gannon v. Yan Ping Ass'n, Inc.*, 2023 WL 6292533 (S.D.N.Y. Sept. 22, 2023), report and recommendation adopted, 2023 WL 6611040 (S.D.N.Y. Oct. 7, 2023)). This argument fails for two reasons.

*First*, defendants point to no authority suggesting that a plaintiff who has Article III standing and states a plausible claim for relief should have her complaint dismissed because she is a "tester" of ADA compliance. The cases that Singlee Lau and La Nueva Victoria point to are distinguishable, as they were not resolved on the fact the plaintiffs were "testers" of ADA compliance. In fact, the word "tester" was not found in any of these court opinions. Rather, they all granted the defendants' motions to dismiss based on factual similarities to *Calcano*. *Hennessy*, 2022 WL 4095557 at *4 ("Here, Plaintiff's allegations are materially indistinguishable from the allegations at issue in *Calcano*."); *Gannon v. 31 Essex St. LLC*, 2023 WL 199287 at *4 ("Gannon's complaint seems to be a 'cut-and-paste and fill-in-the-blank pleading[]' similar to that admonished in *Calcano*[.]); *Gannon v. Hua Da Inc.*, 2023 WL 2664012 at *2 ("This case falls on the *Calcano* side of the line."); *Gannon v. JBJ Holdings LLC*, 2022 WL 6698222 at *2 ("Here, Plaintiff's allegations are too conclusory to establish standing. *See Calcano*, 36 F.4th at 74[.]"); *Gannon v. Yan Ping Ass'n, Inc.*, 2023 WL 6292533 at *2 ("Gannon's claim that he has standing to sue Yan Ping resembles the claim that the Second Circuit rejected in *Calcano*."). As stated before, Valdez's pleadings are more specific than those in *Calcano* and sufficiently demonstrate the elements of standing required for an ADA claim.

*Second*, Valdez's prior litigation is not relevant to this case. While defendants point to evidence that Valdez styled herself as a "tester" in other cases, "[c]ourts must tread carefully before construing [an ADA] plaintiff's history of litigation against [her]." *Antoninetti v. Chipotle Mexican Grill, Inc.*, 643 F.3d 1165, 1175 (9th Cir. 2010). Further, "[p]rolific ADA plaintiffs are not subject

5

to a heightened standing inquiry merely by virtue of 'filing duplicative lawsuits against multiple defendants.'" *Sookul v. Fresh Clean Threads, Inc.*, 754 F. Supp. 3d 395, 402 (S.D.N.Y. 2024) (quoting *Delacruz v. Ruby Tuesday, Inc.*, 2020 WL 5440576, at *3 (S.D.N.Y. Sept. 8, 2020)). Singlee Lau and La Nueva Victoria's reference to Valdez's other filings fails to demonstrate that Valdez lacks a "personal stake in the case—in other words, standing." *TransUnion*, 594 U.S. at 423 (cleaned up).

## II.   Valdez Plausibly Pleads a Claim on Which Relief Can Be Granted

To state an ADA discrimination claim, a plaintiff must allege "(1) that she is disabled within the meaning of the ADA; (2) that defendants own, lease, or operate a place of public accommodation; and (3) that defendants discriminated against her by denying her a full and equal opportunity to enjoy the services defendants provide." *Camarillo v. Carrols Corp.*, 518 F.3d 153, 156 (2d Cir. 2008). "New York State disability discrimination claims are governed by the same legal standards as federal ADA claims." *Rodal v. Anesthesia Grp. of Onondaga, P.C.*, 369 F.3d 113, 117 n.1 (2d Cir. 2004); *Kinneary v. City of New York*, 601 F.3d 151, 158 (2d Cir. 2010) (noting that "the same elements that must be proven to establish an ADA [discrimination] claim must be also demonstrated to prove claims under NYSHRL and NYCHRL[.]"). Under the ADA, disability includes physical impairment that limits a person's ability to walk. 42 U.S.C. § 12102. For the third element, discrimination includes "a failure to remove architectural barriers … where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv). "Readily achievable" is defined as "easily accomplishable and able to be carried out without much difficulty or expense." 42 U.S.C. § 12181(9).

Valdez's complaint contains all elements required to state an ADA claim.[1] Because Valdez pleads she "suffers from medical conditions that inhibit her ability to walk," she sufficiently alleges she is disabled within the meaning of the ADA. Dkt. 27 ¶¶ 5–6; 42 U.S.C. § 12102. Since she alleges Singlee Lau owns and La Nueva Victoria leases the property of a restaurant open to the public, she sufficiently alleges that they are the proper defendants for an ADA claim. Dkt. 27 ¶¶ 27–28; *Camarillo*, 518 F.3d at 156. Finally, Valdez alleges that Singlee Lau and La Nueva Victoria have failed to remove the architectural barrier where readily achievable.[2] As a result, she plausibly states a claim upon which relief can be granted. *Iqbal*, 556 U.S. at 678.

---

[1] As Valdez points out, Singlee Lau and La Nueva Victoria only "include a cursory reference to Fed. R. Civ. P. 12(b)(6) in their motion to dismiss" and "fail to support that portion with any legal authority, factual analysis, or developed argument." Dkt. 32 at 26. Such perfunctory, underdeveloped argument not sufficiently argued in the briefs can be considered waived. *See Tolbert v. Queens Coll.*, 242 F.3d 58, 75 (2d Cir. 2001) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived."). Nevertheless, even if not waived, Valdez survives dismissal for the reasons set forth in this opinion.

[2] Singlee Lau and La Nueva Victoria argue that Valdez fails to plead the third element because she doesn't state any facts that demonstrate remediation is readily achievable. Dkt. 38 at 4. But Valdez alleges that installing a permanent ramp or wheelchair lift is readily achievable. Dkt. 27 ¶¶ 88–90, 94–101. And in *Lee v. Sutton Garage, LLC*, 2017 WL 11898266 (S.D.N.Y. Oct. 19, 2017), the court held that a plaintiff's

Valdez also seeks statutory damages under NYSCRL §§ 40-c and 40-d, which "establish[] a private cause of action to recover a statutory penalty against those who discriminate against an individual on the basis of his or her disability." *Norman*, 2024 WL 488181 at *7 (cleaned up). To recover statutory damages, a plaintiff must serve notice upon the state attorney general at or before the commencement of any action. *Id*. Valdez pled in her complaint that she provided that required notice. Dkt. 27 ¶ 143.

## CONCLUSION

For the reasons stated above, Singlee Lau and La Nueva Victoria's motion to dismiss, Dkt. 22, is DENIED. Valdez's motion to strike, Dkt. 39, is DENIED as moot.

The Clerk is directed to terminate the motions at Dkts. 22 and 39.

SO ORDERED.

Dated: November 4, 2025
New York, New York

ARUN SUBRAMANIAN
United States District Judge

---

proposal for a ramp modification was, on its face, sufficiently readily achievable to survive a motion to dismiss. *Id.* at *5. Valdez sufficiently pleads discrimination under the ADA here.