**HANSKI PARTNERS LLC**
4 INTERNATIONAL DRIVE, SUITE 110
RYE BROOK, NY 10573
PHONE: 212.248.7400

August 17, 2026

*Via ECF*
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

Re: *Request for Informal Conference and Order Compelling Discovery*
*Elizabeth Valdez v. Singlee Lau, Inc. and La Nueva Victoria, Inc., 1:24-Civ-09150 (AS)*

Dear Judge Subramanian:

Hanski Partners LLC represents Plaintiff Elizabeth Valdez in the above-referenced action. Pursuant to Section 5(D) of the Court's Individual Practices, Plaintiff respectfully requests an informal conference concerning Defendants' failure to produce financial documents responsive to Plaintiff's request for documents.

On August 10, 2026, Defendants' counsel expressly represented that specified financial documents would be produced by Friday, August 14, 2026. Exhibit "1" at p.1 (Defendants' Aug. 10, 2026 email, item 2).[1] Defendants did not produce the financial documents. Defendants have also provided no explanation for failing to produce the documents. Defendants' discovery failure is not an isolated occurrence. Throughout this litigation, the Court has had to address substantially similar conduct by Defendants. *See* Dkt. Nos. 63, 65, and 66.

The financial information is relevant and proportional. Plaintiff requested financial information as Defendants' finances are directly relevant to Plaintiff's claims and Defendants' defenses. For instance, whether the removal of barriers to wheelchair access is readily achievable turns in part on the nature and cost of the work, the overall financial resources of the subject facility, the effect on expenses and resources of Defendants, and the site's fiscal relationship with any parent entity. *See* 42 U.S.C. § 12181(9); 28 C.F.R. § 36.104.

The records are also relevant because Plaintiff seeks punitive damages under the New York City Human Rights Law. N.Y.C. Admin. Code § 8-502. A defendant's wealth is material to assessing punitive damages. *In re 91st St. Crane Collapse Litig.*, 154 A.D.3d 139, 157 (1st Dep't 2017). And courts in this District have permitted pretrial financial discovery where punitive damages are sought. *See Hamm v. Potamkin*, 1999 WL 249721, at *2-3 (S.D.N.Y. Apr. 28, 1999). Defendants have not produced financial records from which their financial resources can be

[1] Defense counsel's August 10, 2026 email followed the telephonic meet-and-confer between the parties' lead counsel earlier that day. For brevity, Exhibit "1" includes the email messages most relevant to the instant dispute as the complete email chain would span a substantial number of pages.

determined. Consequently, the promised financial documents are a necessary source for the financial information.

Given the foregoing, Plaintiff respectfully requests that the Court compel Defendants to produce the three years of corporate tax returns responsive to Plaintiff's discovery demands, including all schedules and attachments, within two business days. Given Defendants' latest purposeful failure to comply with their discovery obligations, Plaintiff also respectfully asks the Court to impose sanctions upon Defendants consistent with Dkt. Nos. 63, 65, and 66.

Thank you for the Court's consideration of this application.

Respectfully,

/s/
Robert G. Hanski, Esq.

DENIED WITHOUT PREJUDICE.

Pursuant to Section 5 of the Court's Individual Practice in Civil Cases, any party wishing to raise a discovery dispute with the Court must first confer in good faith with the opposing party—in person, by videoconference, or by telephone—to resolve the dispute. This process must include at least one conference among Lead Trial Counsel for the parties involved in the dispute.

If the meet-and-confer process does not resolve the dispute within 10 business days of the dispute first being raised (or sooner, if an impasse has been reached), the party seeking discovery may file on ECF a letter-motion, no longer than three pages, explaining the nature of the dispute and, if applicable, why the party is entitled to relief and requesting an informal conference. Any letter-motion seeking relief **must state**: (1) the dates and times of each conference conducted pursuant to Paragraph 5(B)–(C); (2) the duration of these conferences; (3) the names of the attorneys who participated; and (4) that the moving party informed the adversary during the last conference that the moving party believed the parties to be at an impasse and that the moving party would be requesting a conference with the Court. The letter-motion must specifically state that the required Lead Trial Counsel conference occurred.

SO ORDERED.



Arun Subramanian, U.S.D.J.
Date: August 18, 2026