UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
ELIZABETH VALDEZ,

Plaintiff,

-v-

SINGLEE LAU, INC., and LA NUEVA VICTORIA, INC.,

Defendants.
----------------------------------------------------------------X

**DOCKET NO: 1:24-cv-09150 (AS)**

**STIPULATION AND PROTECTIVE ORDER**

IT IS HEREBY STIPULATED AND AGREED by and between the undersigned attorneys and ORDERED by the Court, (pursuant to Federal Rules of Civil Procedure), that:

1. Plaintiff seeks discovery and disclosure of certain financial documents from Defendants SINGLEE LAU, INC. and LA NUEVA VICTORIA, INC. ("Defendants") which Defendants regard as "sensitive discovery material";

2. This Sensitive discovery material is defined at the following financial documents:

- Corporate Tax Returns of Defendants Singlee Lau, Inc. and La Neuva Victoria Inc. for the Tax Years 2022, 2023 and 2024.

3. Any and all sensitive discovery material produced by the Defendants herein shall not be further disseminated by the Plaintiff or Plaintiff's counsel to any individuals, organizations or other entities, other than (i) members of the legal staff of and expert witnesses, and interpreters retained by

Plaintiff's counsel, who shall be bound by the entirety of this Protective Order, without further notice to and consent by the Plaintiff's counsel,

4. Any witness whom counsel for a party in good faith believes may be called to testify concerning financial matters relevant to this action, may be shown and may review copies of the sensitive discovery material but may not retain such copy or copies.

5. Each of the individuals to whom disclosure is authorized in paragraph 3(i), that is, members of the legal staff of and expert witnesses and interpreters retained by Plaintiff's counsel, shall be provided a copy of this Stipulation/Protective Order and advised that he/she/they shall not further disseminate any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material except in conformity with this Stipulation/Protective Order;

6. The Plaintiff may review the sensitive discovery material only in the presence of Plaintiff's counsel or Plaintiff's counsel's legal staff. The Plaintiff is prohibited from having possession, custody or control of the sensitive discovery material. Except as provided herein, the Plaintiff and Plaintiff's counsel are further prohibited from disseminating any sensitive discovery material and may not provide information from sensitive discovery material to others;

7. None of the sensitive discovery materials nor any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material shall be disseminated to, or discussed with, the media or any representative of the media in any form. If Plaintiff and/or Plaintiff's counsel wishes to attach any portion of the sensitive discovery material to public filings made with the Court, Plaintiff's counsel shall provide advance notice to the Defendant's counsel that it intends to file sensitive discovery material. Plaintiff may provisionally file the material under seal

in accordance with the Court's Individual Practices pending the Court's determination of any application by Defendants to maintain the material under seal. ;

8. Nothing in this Protective Order shall preclude the Defendants from seeking a further protective order as to particular items of discovery material;

9. If Plaintiff obtains substitute counsel, the undersigned Plaintiff's counsel will not transfer any portion of the sensitive discovery material or any copies, notes, transcripts, documents or other information derived or prepared from the sensitive discovery material unless and until substitute counsel enters into this Protective Order;

10. Within thirty days of final disposition or settlement (settlement to include completion of any remediation work done pursuant to settlement) of this matter Plaintiff's counsel will either (i) return to Defendants' counsel or (ii) destroy and request that all sensitive discovery materials and all copies thereof, in the possession of expert witnesses and linguists retained by Plaintiff's counsel who has signed this Protective Order is destroyed. In addition Plaintiff's counsel may retain one archival copy of the sensitive materials in its litigation file subject to a continuing confidentiality obligation of this stipulation and order.

11. Nothing in this Protective Order shall preclude a party offering information subject to this Order into evidence or from using any such information in the course of examining or cross-examining any witness in this action.

12. Any violation of this Protective Order may result in contempt of Court.

Dated: New York, New York
August _25__, 2026

MORTON S. MINSLEY, ESQ.
Attorney for Defendants SINGLEE LAU, INC., and LA NUEVA VICTORIA, INC.
101 Lafayette Street, 10th Floor
New York, New York 10013
Phone: (212) 346-0849

ROBERT G. HANSKI, ESQ.
HANSKI PARTNERS LLC.
ATTORNEYS FOR PLAINTIFF
85 DELANCEY STREET
NEW YORK, NEW YORK 10002
TELEPHONE: (212) 248-7400

The Clerk of Court is respectfully directed to terminate the motion at ECF No. 77.

SO ORDERED
this 28 day of August 2026

THE HONORABLE ARUN SUBRAMANIAN
UNITED STATES DISTRICT JUDGE