# MORTON S. MINSLEY

**Attorney at Law**

Admitted in both New York and New Jersey

101 Lafayette Street, 10th Floor, New York, New York 10013

Phone: 212-346-0849 Fax: 212-766-9798 E-Mail: Minsleylaw@me.com


September 4, 2026

**Via ECF**
Hon. Arun Subramanian, USDJ
US District Court, SDNY
500 Pearl Street, Room 15A
New York, NY 10007

Re: Valdez v. Singlee Lau, Inc, et al., US Dist. Ct., SDNY, Docket No. 1:24 cv. 09150 (AS)

Dear Judge Subramanian:

In this matter, I represent Defendants La Neuva Victoria, Inc. and Singlee Lau, Inc. in this ADA lawsuit. I am writing to renew my motion at ECF 78 for a Rule 37 conference for the Court to direct Plaintiff to appear to be deposed in this matter on a date certain.

On August 28, 2026, at ECF 82, the Court granted Defendants' ECF 78 Rule 37 motion (as well as Plaintiff's competing ECF 79 Rule 37 motion) without opposition. Plaintiff was directed to "schedule a time for Defendants to depose them". Defendants were directed to "produce the corporate tax returns at issue" and schedule a time for Plaintiff to Depose those witnesses highlighted at Dkt. 78". All of this was to be completed by an extended deadline of September 8, 2026.

As shown below, Defendants have complied with the Court's Dkt. 82 order by producing the Corporate Tax Returns at issue and attempting to schedule the Depositions of both sides However, Plaintiff's counsel has refused to co-operate in setting a deposition schedule as well as refused to meet and confer in a timely manner in an apparent effort to run out the clock so that Defendants will not be able to depose Plaintiff. It is submitted that Plaintif's conduct is in transparent bad faith, and the Defendants are in need of the intervention of the Court to order Plaintiff's deposition to be held on a date certain.

## BACKGROUND REVIEW

Defendants have been seeking the Plaintiff's deposition for the past month and have been continuously frustrated by a refusal of Plaintiff's counsel to schedule a date for such appearance. See the following:

1. ECF 71 – August 12, 2026 – I informed the Court that Defendants had noticed Plaintiff's Deposition for August 14, 2026 but that Plaintiff had not yet confirmed their appearance.

2. ECF 72 – August 12, 2026 - the Court extended the end of discovery deadline to August 31, 2026.

3. ECF 74 – August 17, 2026 - I informed the Court that I had contacted Plaintiff's counsel to try to schedule Plaintiff's Deposition but Plaintiff's counsel had responded "Plaintiff is not available" without proposing any dates when Plaintiff would be available. In response I had proposed alternative dates of August 18th or August 20th, which were rejected by Plaintiff's counsel – again without any proposal for any alternative date for Plaintiff to appear.

4. ECF 78 – August 26, 2026 – I filed my Rule 37 letter motion attaching at ECF 78-1 the e-mail chain between counsel documenting my repeated requests to schedule Plaintiff's deposition and Plaintiff's counsel's refusal to do so. (See ECF 78-1).82

5. ECF 82 – August 28, 2026 - The Court orders Plaintiff "to schedule a time for Defendants to depose them". Discovery is Extended through September 8, 2026 to complete.

6. E-mail chain between Counsel since ECF 82 (See Exhibit A, hereto):

    a. September 1, 2026 – I e-mail Plaintiff's counsel the corporate tax returns covered by ECF 82. I suggest a deposition schedule for Plaintiff to be deposed either September 3rd or 4th, with Defendants to appear on September 8th. No response to this E-Mail.

    b. September 2, 2026 – I follow up with a second e-mail requesting that his client appear September 4, 2026. Alternatively proposing that we meet and confer on September 3, 2026 to discuss.

    c. September 3, 2026, Plaintiff's counsel (Mr. Hanski) responds by E-mail at 12:34 PM proposing that we meet and confer on Friday (today) at 3:00 pm, precluding the conduct of any depositions this week – and since Monday is the Labor Day holiday – essentially wasting the entire time before the Court's new deadline without ever making any effort on his part to schedule depositions – a clear violation of the Court's ECF 82 order.

    d. September 3, 2026, 12:45 pm – I respond to Mr. Hanski's e-mail asking if he is available to meet and confer that afternoon, or whether his client would agree to appear on Tuesday September 8, 2026 for deposition – no response is received to this e-mail.

Based on the above, and in light of Plaintiff's refusal to comply with your Honor's order at ECF 82, Defendants respectfully renew their Rule 37 motion to compel Plaintiff's deposition. Note Defendants have been prejudiced by this violation of the Court's order as the deadline to submit motions in this case is September 16, 2026, and this refusal to appear is a transparent effort to deprive the Defendants of Plaintiff's testimony in advance of any motion deadline.

Respectfully,

Morton S. Minsley

MSM: mm
Enc.
cc.: Robert G. Hanski, Esq. Attorney for Plaintiff (VIA ECF)

Defendants request that the Court schedule a date for them to depose the plaintiff. In their responsive filing, plaintiff offered a date for them to be deposed (as well as dates for other depositions to be held). Defendants' reply does not explain why that date would be improper other than the fact that post-discovery motions are due by September 16, 2026, Dkt. 68.

The Court, therefore, extends the discovery deadline to September 18, 2026 and ORDERS the depositions to occur as contemplated in plaintiff's letter, Dkt. 84 at 2 ("Valdez's deposition for September 14, Mr. Tong's deposition for September 15, and Mr. He's deposition for September 17, with September 18 available as a fallback."). Plaintiffs are also directed to meet and confer to discuss the other discovery disputes flagged in the parties' filings. Finally, the deadline to file post-discovery summary judgment motions is hereby extended to September 30, 2026. **Any further failure to meet and confer in good faith and promptly--that is, emails and calls returned within 1 day and directly responsive to the requests made, and responsive documents timely produced--will be met by an order to show cause why sanctions of $1,000 or actual cost of non-compliance, whichever is greater, should not be imposed on the offending lawyer.**

Accordingly, the motion for a Rule 37 conference is DENIED.

The Clerk of Court is respectfully directed to terminate the motion at ECF. 83.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: September 9, 2026