**HANSKI PARTNERS LLC**
4 INTERNATIONAL DRIVE, SUITE 110
RYE BROOK, NY 10573
PHONE: 212.248.7400

October 26, 2026

*Via ECF*
The Honorable Arun Subramanian
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

*Re: Emergency Request to Restrict Public Access to ECF No. 95-6, 96, and 97*
*Elizabeth Valdez v. Singlee Lau, Inc. and La Nueva Victoria, Inc., 1:24-Civ-09150 (AS)*

Dear Judge Subramanian:

Hanski Partners represents Plaintiff Elizabeth Valdez in the above-referenced action. We write on behalf of Plaintiff to respectfully request an emergency order directing the Clerk of Court to immediately restrict public access to ECF Nos. 95-6, 96, and 97, which Defendants filed in support of their motion for summary judgment, pending the filing of appropriately redacted versions. These filings publicly disclose Plaintiff's complete residential street address, apartment number, sensitive medical history, and other private personal information. Specifically,

1. ECF No. 95-6 (Exhibit F to the Minsley Declaration): Defendants publicly filed Plaintiff's deposition transcript containing substantial unredacted personal information, including her complete residential address, apartment number (Tr. 6:9-11), medical history, medical treatment, and other private information.

2. ECF No. 96 (Defendants' Rule 56.1 Statement): Paragraph 3 publicly discloses Plaintiff's residential street address, while paragraphs 4 and 5 disclose sensitive information concerning Plaintiff's medical history and the circumstances of her disability.

3. ECF No. 97 (Defendants' Memorandum of Law): Page 1 of the memorandum likewise publicly discloses Plaintiff's residential street address and sensitive information concerning her medical history.

These disclosures are contrary to the Southern District's E-Government Act Notice Regarding Privacy and Public Access to Electronic Case Files and Your Honor's Individual Practices, Section 11(A), which expressly identifies home addresses as sensitive information that should generally be limited to city and state and permits redaction of medical information, including treatment and diagnosis, without prior Court approval.

There is no legitimate reason for publicly disclosing Plaintiff's complete residential address, including her apartment number. Nor is there any justification for unnecessarily exposing Plaintiff's private medical information where appropriately tailored redactions would preserve the testimony relevant to Defendants' motion. Defendants could readily have filed a redacted transcript without impairing their ability to present their arguments to the Court.

Yesterday, Plaintiff notified Defendants' counsel of the improper disclosures and demanded that Defendants immediately restrict public access to ECF No. 95-6 and file an appropriately redacted replacement, giving Defendants until 10:00 a.m. today to do so. Plaintiff also requested that Defendants review the other documents filed in support of their motion to ensure that no additional sensitive personal information had been improperly disclosed. Plaintiff advised Defendants that judicial intervention would be sought if the disclosures were not promptly corrected.

At approximately 10:10 a.m. today, October 26, 2026, undersigned counsel contacted the Southern District's ECF Help Desk to request emergency temporary sealing pursuant to Section 21.7(a) of the Court's Electronic Case Filing Rules. However, the Help Desk advised that it would not act upon counsel's request because Plaintiff was not the party that filed the document. Accordingly, Plaintiff has been unable to obtain emergency administrative relief and now seeks the Court's immediate intervention. As of the filing of this letter, no documents have been sealed. The continued public availability of these filings unnecessarily exposes Plaintiff's private personal and medical information.

Accordingly, Plaintiff respectfully requests that the Court (1) immediately direct the Clerk to restrict public access to ECF Nos. 95-6, 96, and 97; (2) direct Defendants to promptly file appropriately redacted replacement versions of those documents; and (3) maintain the restrictions on the original filings pending further order of the Court. Plaintiff seeks only the protection necessary to prevent further disclosure of sensitive personal information, not the sealing of Defendants' substantive arguments or other nonsensitive material.

Given the sensitive nature of the information disclosed and the continuing risk to Plaintiff's privacy, we respectfully request that the Court address this application on an expedited basis.

Respectfully submitted,

/s/

Robert G. Hanski, Esq.

GRANTED.

Pursuant to Section 11(A) of the Court's individual practices, "[p]arties should not include in their public filings, unless necessary, . . . home addresses [use only City and State]." Defendants' filings, however, include plaintiff's full address, alongside other sensitive information.

Accordingly, the Clerk of Court is respectfully directed to seal ECF 95-6, 96, and 97.

Defendants should, on or before 5pm today, (1) file redacted versions of the filings on the docket and (2) a letter explaining why defense counsel did not promptly correct the filings themselves, and why sanctions should not issue.

The Clerk of Court is respectfully directed to terminate the motion at ECF 98.

SO ORDERED.

Arun Subramanian, U.S.D.J.
Date: October 26, 2026